|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA** | |
| **UNITED STATES OF AMERICA,**<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**JESUS CAMACHO-DOMINGUEZ,**<br>　　　　　　　Defendant. | Case No. MJ18-5150<br><br>**DETENTION ORDER** |

　　　　THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. The Court considered Mr. Camacho-Dominguez arguments that detention should not be based on the immigration detainer that is pending regarding his immigration case. Dkt. 4, the Pretrial Investigation Report prepared by U.S. Probation Officer Nick Bassett, at p. 5. The Court will not consider either the probability of removal due to immigration proceedings, or an immigration detainer. *United States v. Santos-Flores,* 794 F.3d 1088, 1092(9th Cir. 2015).

　　　　The government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to the community based on the defendant's history of repeated criminal conduct concerning evading the immigration laws of the United States, and also because the defendant has a prior conviction for reckless driving. Dkt. 4 at pp. 3-5. Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for repeated behavior of evading the United States immigration laws; and his prior reckless driving also shows that he has not demonstrated law abiding behavior in the community. All of this prior criminal history shows that his threat to the community continues and his behavior cannot be successfully controlled, even considering his ties to the community and the residence for pretrial release that the defendant proposed.

　　　　The Court also notes, the defendant was arrested on May 11, 2018 under circumstances that show his proposed placement (living with his wife and children at their shared residence) is not suitable for supervised release on conditions. Although the defendant has substantial ties to the community where he resides, the proposed placement does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. The Court does not rely on this evidence as an independent reason for detention, and finds that the government met its burden by clear and convincing evidence that the defendant poses a danger to the community even without considering the evidence of circumstances of his arrest (as described in Dkt. 4 at p. 5). However, the Court will allow the parties to submit additional information about the circumstances of the May 11, 2018 arrest, if either or both parties wish to make a more detailed record of those events. *See generally, United States v. Jay,* 261 F. Supp.2d 1235, 1240 (D. Or. 2003) (evidence of criminal activity that was suppressed for purposes of trial may still be relied upon as evidence of threat to community safety, and is viable reason for detention under the Bail Reform Act).

　　　　This finding is based on 1) the nature and circumstances of the offense(s) charged, 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Safety Reasons:**
　( )　Defendant is currently on probation/supervision resulting from a prior offense.
　( )　Defendant was on bond on other charges at time of alleged occurrences herein.
　( X )　Danger to the community from repeatedly violating the United States immigration laws, and prior reckless driving conviction.

*Order of Detention*

▸　　The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**June 15, 2018**

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge